ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:    (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/06

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Civ. Action No. 06-civ-2856 (GEL) |
| EXETER VENTURE LENDERS, LP and EXETER EQUITY PARTNERS, LP | ) |
| Defendants. | ) |

## CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and judgment and the appointment of the SBA as Permanent Receiver for Exeter Venture Lenders, LP and for a permanent injunction and the appointment of the SBA as Permanent Receiver for Exeter Equity Partners, LP. The Court, being fully advised in the merits, and based upon the consent of the parties, believes this relief should be granted:

Returned to chambers for scanning on  6/7/06 .

Scanned by chambers on

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Exeter Venture Lenders, LP ("Exeter Venture"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Exeter Venture to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Exeter Venture's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.     Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Exeter Equity Partners, LP ("Exeter Equity"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Exeter Equity to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Exeter Equity's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

3.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of Exeter Venture under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of Exeter Venture are hereby dismissed. Such persons shall have no authority with respect to Exeter Venture's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Exeter Venture and shall pursue and preserve

all of its claims.

4.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of Exeter Equity under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of Exeter Equity are hereby dismissed. Such persons shall have no authority with respect to Exeter Equity's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Exeter Equity and shall pursue and preserve all of its claims.

5.     The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Exeter Venture, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Exeter Venture shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Exeter Venture as well as the names, addresses and amounts of claims of all known creditors of Exeter Venture. All persons having control, custody or possession of any assets or property of Exeter Venture, including Exeter Venture's former General Partner, Exeter Venture Advisors, Inc., are hereby directed to turn such property over to the Receiver.

6.     The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Exeter Equity, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents,

accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Exeter Equity shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Exeter Equity as well as the names, addresses and amounts of claims of all known creditors of Exeter Equity. All persons having control, custody or possession of any assets or property of Exeter Equity, including Exeter Equity's former General Partner, Exeter Equity Advisors, Inc., are hereby directed to turn such property over to the Receiver.

7.     The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Exeter Venture. All persons and entities owing any obligations or debts to Exeter Venture shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Exeter Venture had received such payments.

8.     The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Exeter Equity. All persons and entities owing any obligations or debts to Exeter Equity shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Exeter Equity had received such payments.

9.     The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Exeter Venture, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to

expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

10.     The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Exeter Equity, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

11.     Exeter Venture's past and/or present officers, directors, agents, managers, general

partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Exeter Venture. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Exeter Venture or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Exeter Venture, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

12.     Exeter Equity's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Exeter Equity. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Exeter Equity or any other matter relevant to the operation or

administration of the Receivership or the collection of funds due to Exeter Equity, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

13.    The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Exeter Venture or any assets of Exeter Venture, involving Exeter Venture or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Exeter Venture's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Exeter Venture, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

14.    The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Exeter Equity or any assets of Exeter Equity, involving Exeter Equity or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Exeter Equity's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Exeter Equity, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

15.    All civil legal proceedings wherever located, including arbitration proceedings,

foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Exeter Venture or any of its assets or any action of any nature taken by Exeter Venture's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

16.     All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Exeter Equity or any of its assets or any action of any nature taken by Exeter Equity's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

17.     Exeter Venture and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Exeter Venture to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

18.    Exeter Equity and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Exeter Equity to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

19.    The Receiver is authorized to borrow on behalf of Exeter Venture, from the SBA, up to $1,000,000, and is authorized to cause Exeter Venture to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Exeter Venture, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Exeter Venture.

20.    The Receiver is authorized to borrow on behalf of Exeter Equity, from the SBA, up to $1,000,000, and is authorized to cause Exeter Equity to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Exeter Equity, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders

of Exeter Equity.

21.     This Court determines and adjudicates that Exeter Venture has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Exeter Venture's license as an SBIC be revoked.

22.     This Court determines and adjudicates that Exeter Equity has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Exeter Equity's license as an SBIC be revoked.

23.     The United States Small Business Administration is further entitled to a judgment against Exeter Venture in the total sum of $7,671,315.86 as of April 17, 2006, consisting of $7,399,750.19 in principal, $271,565.67 in interest with a per diem rate of $1,431.25 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

AGREED TO AND CONSENTED TO:

EXETER VENTURE LENDERS, LP

By: _____

EXETER EQUITY PARTNERS, LP

By: _____

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
    Thomas G. Morris
    Director, Office of Liquidation

SO ORDERED this 5th day of June , 2006

_____
THE HONORABLE GERARD E. LYNCH
UNITED STATES DISTRICT JUDGE

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:    (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) **Civ. No. 06-civ-2856 (GEL)** |
| | ) |
| **EXETER VENTURE LENDERS, LP and** | ) |
| **EXETER EQUITY PARTNERS, LP** | ) |
| | ) |
| **Defendants.** | ) |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the

United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is a civil action brought by the United States of America on behalf of

its agency, the United States Small Business Administration (hereinafter, "SBA,"

"Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W.,

Washington, DC 20416.

2.     Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.     Defendant Exeter Venture Lenders, LP (hereinafter, "Exeter Venture"), is a Delaware limited partnership currently maintaining its principal place of business at 10 East 53rd Street, 32nd Floor, New York, New York, 10022.  Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

4.     Defendant Exeter Equity Partners, LP (hereinafter, "Exeter Equity"), is a Delaware limited partnership currently maintaining its principal place of business at 10 East 53rd Street, 32nd Floor, New York, New York, 10022.  Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

5.     Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

6.     Exeter Venture was licensed by SBA as a small business investment company ("SBIC") on February 7, 1994, SBA License No. 02/02-0548, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

7.     Exeter Equity was licensed by SBA as a small business investment company ("SBIC") on December 22, 1994, SBA License No. 02/72-0559, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

2

8.    Exeter Venture and Exeter Equity are managed by Exeter Venture Management Corporation. Exeter Venture's General Partner is Exeter Venture Advisors, Inc. and Exeter Equity's General Partner is Exeter Equity Advisors, L.P, both of whom maintain their principal place of business at 10 East 53rd Street, 32nd Floor, New York, New York, 10022.

9.    Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10.    Exeter Venture's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

11.    Exeter Equity's Agreement of Limited Partnership also expressly incorporates the Act and Regulations.

12.    Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

13.    Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Exeter Venture through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $7,399,750.19 as follows:

| Debenture Loan No. | Principal Amount |
| --- | --- |
| 04633800-05 | $1,500,000.00 |
| 04636300-08 | $3,000,000.00 |
| 04637200-00 | $2,899,750.19 |

3

As of April 17, 2006 there is $7,671,315.86 in Debenture Leverage outstanding, consisting of $7,399,750.19 in principal, $271,565.67 in interest with a per diem rate of $1,431.25.

13.    The Debentures described in paragraph 12, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provision of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R. §107.507.

14.    Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Exeter Equity through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $7,453,155.36 as follows:

| Participating Securities No. | Principal Amount |
|---|---|
| 02002652-00 | $3,956,470.97 |
| 02004651-03 | $2,246,684.39 |
| 02016751-09 | $1,250,000.00 |

As of April 12, 2006 there is $7,453,155.36 in Participating Securities Leverage outstanding.

15.    The Participating Securities described in paragraph 14, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

16.    Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of Licensees such as Exeter Venture and Exeter Equity may be forfeited and the company may be declared dissolved.

17.    Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Exeter Venture, or any other person, has engaged in or is

about to engage in any acts or practices which constitute or will constitute a violation of

the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order

issued under the Act, then SBA may make application for an injunction, and such Court

shall have jurisdiction of such action and grant a permanent or temporary injunction, or

other relief without bond, upon a showing that such Licensee has engaged in or is about

to engage in any such acts or practices. The Court is authorized to appoint SBA to act as

receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT OF EXETER VENTURE

18.    Paragraphs 1 through 17 are incorporated by reference as though fully set

forth herein.

19.    Section §107.1830(c) of the Regulations requires that Exeter Venture not

have a condition of Capital Impairment of greater than 70%, as that term is defined under

the Regulations.

20.    Based on the SBA Form 468 submitted by Exeter Venture for the period

ending    September 30, 2005, SBA determined that Exeter Venture had a condition of

Capital Impairment percentage, as that term is defined under the Regulations, of

121.63%.

21.    Section 107.1810(f)(5) provides that a condition of capital impairment as

determined under Section 107.1830 is an event of default with opportunity to cure.

22.    By letter dated October 22, 2004, SBA notified Exeter Venture that it was in

default of its Debentures as a consequence of its violation of Section 107.1830(c) and Section

107.1810(f)(5) and notified Exeter Venture that it had 15 days from the date of the letter to

cure the default and pay the full amount due under the Debentures, which had previously been accelerated.

23.    To date, Exeter Venture has failed to cure its condition of capital impairment and has failed to remit payment in full on the Debentures.

24.    As of April 17, 2006, Exeter Venture is indebted to SBA under the Debentures for the total sum of $7,671,315.86, consisting of $7,399,750.19 in principal, $271,565.67 in interest and a per diem rate of $1,431.25.

25.    As a consequence of Exeter Venture's uncured violations of 13 C.F.R. §§107.1830(b) and 107.1810(f)(5) of the Regulations, and in accordance with 13 C.F.R. §107.1810(g), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Exeter Venture Lenders, LP.

## COUNT TWO
## CAPITAL IMPAIRMENT OF EXETER EQUITY

26.    Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27.    Section §107.1830(c) of the Regulations requires that Exeter Equity not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

28.    Based on the SBA Form 468 submitted by Exeter Equity for the period ending December 31, 2005, SBA determined that Exeter Equity had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 237.8%.

29.    By letter dated October 2, 2003, SBA notified Exeter Equity that it was in default of its Participating Securities as a consequence of its violation of Section 107.1830 and

6

notified Exeter Equity that it had 15 days from the date of the letter to cure the default and pay the full amount due under the Participating Securities.

30.    To date, Exeter Equity has failed to cure its condition of capital impairment and has failed to remit payment in full on the Participating Securities.

31.    As of April 12, 2006, Exeter Equity is indebted to SBA under the Participating Securities for the total sum of $7,453,155.36.

32.    Exeter Equity's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for SBIC License, which is a written agreement with SBA.

33.    SBA has determined that Exeter Equity is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

34    As a consequence of Exeter Equity's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Exeter Equity Partners LP.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A.    That permanent injunctive relief be granted restraining Exeter Venture, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Exeter Venture's behalf, in concert or participation

7

therewith from: (1) making any disbursements of Exeter Venture's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Exeter Venture, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.    That permanent injunctive relief be granted restraining Exeter Equity, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Exeter Equity's behalf, in concert or participation therewith from: (1) making any disbursements of Exeter Equity's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Exeter Equity, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

C.    That this Court determine and adjudicate Exeter Venture Lender, LP's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

D.    That this Court determine and adjudicate Exeter Equity Partners LP's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

E.    That this Court take exclusive jurisdiction of Exeter Venture Lenders, LP and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Exeter Venture for the purpose of liquidating all of Exeter Venture's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Exeter Venture against third parties, as appropriate;

F.      That this Court take exclusive jurisdiction of Exeter Equity Partners, LP

and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of

Exeter Equity for the purpose of liquidating all of Exeter Equity's assets and satisfying

the claims of creditors therefrom in the order of priority to be determined by this Court,

and pursuing causes of action available to Exeter Equity against third parties, as

appropriate;

G.      That this Court render Judgment in favor of SBA and against Exeter

Venture Lenders, LP in the amount of $ $7,671,315.86 as of April 17, 2006 consisting of

$7,399,750.19 in principal, $271,565.67 in interest with a per diem rate of $1,431.25 until

the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as

of the date judgment is entered; and

H.      That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

Dated: *May 17, 2006*     By:     _____
                                   WILLIAM YOUNG (WY9160)
                                   Special Assistant U.S. Attorney
                                   Eastern District of New York
                                   1 Pierrepont Plaza, 14th Fl.
                                   Brooklyn, New York 11201
                                   Telephone:    (718) 254-6957

9

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 5\11\06        By: _____

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:     (202) 205-6976
Facsimile:     (202) 481-0324

10